Good morning and welcome to the Ninth Circuit. I'm Bridget Beatty and I am very pleased today to be joined by my colleagues Ken Lee and Dick Tallman. This morning we have one argument, the other cases on the calendar have all been submitted and I understand we have counsel appearing on video. Okay, we can see sort of, there we go, thank you. When you're sitting down I could just see the top of your head but as you stand we can see you. Can you hear us? Yes, Your Honor, I can hear you clearly. Great and we can hear you too. So I think we are ready to begin. The case for argument this morning is Luis Salvador Sosa Morales v. Pamela Bondi and counsel, when you're ready, please begin. Good morning, Your Honors. May it please the Court. My name is Jessica Anleiu and I represent the petitioner in this matter, Luis Sosa Morales. I'd like to reserve two minutes for rebuttal. Thank you. Your Honors, this case is about a one-day-late notice of appeal that the Board summarily dismissed despite attorney error and a record that satisfies the substantial compliance with LAZADA or independently plain on the record and effective assistance of counsel with a presumption of prejudice. Can I ask you, oh I'm sorry, I was ready. A procedural question, either you or prior counsel filed a motion to reopen with the Board? That's correct, Your Honor. It's not myself, it's an independent counsel. Okay, can you tell us what the status is of that motion? It's still pending, Your Honor. It was filed within the 90 days so it was timely filed upon the dismissal of the way, but it remains pending at this time. And did the government oppose that motion to reopen? I spoke with the attorney that's working on that case. I believe she reached out to the Department here in Phoenix and they never gave a position on that. They have not opposed it. Nothing in writing has been filed with the Board to oppose that motion, but they never gave a position on it. Okay, thank you. Counsel, my question had to do with substantial compliance with matter of Lozada. And as I understand the record, counsel supplied an affidavit but nothing came from the client, which is what Lozada requires. And secondly, there's no evidence that a complaint was actually filed against the attorney. The former counsel basically just told the client, here's how you file a bar complaint. Is that a correct recitation of the facts? Yes, Your Honor. I mean, I do believe that that would be a correct summary of it. So how is that substantial compliance with matter of Lozada? Judge, we would, Your Honor, with respect, we would say that it still substantially complies under this court's precedent. Specifically, the affidavit provided was sworn by prior counsel admitting fault, that she was at fault for this. And without regard to the question of whether it's the IAC is sort of patent on its face, I'm still struggling with compliance with Lozada because here there's no evidence in the record that the state bar was ever actually informed of of her misconduct. Is there? No, not before this court. And isn't the policy behind Lozada the importance of alerting bar authorities to deficient performance by counsel in these types of cases? I mean, I do think, I think for Lozada there's various policy, like underlying policy considerations. I mean, some of them are collusion, that they're not delaying proceedings. I'm not suggesting collusion here, but I am suggesting that there's a major policy concern that is not addressed by prior counsel's conduct, and that is we need to alert state bar authorities to problem attorneys. And there's no evidence in the record that the state bar even knows about what happened. Yeah, not in this record, Your Honor. What I would explain to this court, though, is that that's sworn, the policy of it is that not just that the state bar is notified, but that we have a record of attorneys if there is misconduct. And by her sworn affidavit, she opens herself to a malpractice claim. And this court in Correa Rivera v. Holder has said that a declaration could replace a bar complaint, because it opens her to the same amount of liability as a bar complaint would. Let me come at it a different way. If we find that there is not substantial compliance with matter of Lozada, would your argument be that we can still proceed to examine whether or not the ineffective assistance was clear on its face? That would be our position, Your Honor, and obviously our position would be that it is clear on its its face in this case. I would like to, I mean, I can and I can kind of jump to that point a little to flesh it out a little more, but we would say that there was substantial compliance here. She filed the sworn affidavit stating that she miscalendered, that she filed it one day late, that admission under penalty of perjury still provides the highest level of reliability. Based on the record, do we even know if Sosa Morales is aware that his attorney made this error? Because Sosa Morales isn't the one who submitted the affidavit. He didn't file a complaint with the bar. So, I mean, based on this record, we don't even know, right, if Sosa Morales is aware that he's in the situation because of his lawyer's mistake. I would say the record before the BIA, no. By the mere fact that he's changed counsel would show that he's aware of it, but before the BIA, when they made that decision, no, there's not anything on the record that he was, that they would know that he was aware of that. Is there anything in the record where petitioner or prior counsel argued to the BIA that the error was plain on its face? There's nothing, I mean, the motion to accept late filing is admittedly there. I think it consists of maybe two sentences, but I would still say, based on her affidavit, the prejudice is plain on its face. She admits, and I will say in her affidavit... I'm asking you about something a little different from prejudice, which I have some questions about that as well, but what I'm asking you about is really an exhaustion issue. If the argument wasn't made before the agency, how can we reach it? Your Honor, we would state that because the BIA made a decision on it, stating that the petitioner had not otherwise shown ineffective assistance of counsel, that the prejudice was addressed in this court. So how do you distinguish our case that says that when the agency basically makes a passing and dismissive reference to something, that's not sufficient? I mean, it wasn't argued to them, it wasn't presented to them, and in a very cursory line, they say that the standards of matter of Lausanne have not been met and ineffective assistance has not otherwise been shown to be plain. In your view, that's enough to avoid exhaustion, or that means the agency reached it, and so even though it wasn't raised before them, we now can reach it? Well, Your Honor, I believe that the board expressly found no substantial Lizada compliance and also added in their decision that ineffective assistance counsel was not otherwise shown, and we would assert that that's a merits determination allowing this court's review. I would probably distinguish that from the certification. I do think at the end they say we also declined to certify this. I think that would more be in passing, but I think the ineffective assistance of counsel, they got to the merits of it. They discussed the affidavit, they discussed the instructions for the bar complaint filed. Sure, but that's the matter of Lizada prong. I mean, there's a separate issue of whether, even if you didn't comply with the matter of Lizada, the ineffective assistance is plain on the record, and that's what I'm getting at, whether that's been exhausted. Oh, I see. Oh, sorry, so you're asking more on the plain of the, if it's on its face, plain on its record. Well, Judge, we would say that that still is, that they still reached the merits of that. They still discussed that. They said that there is, that this attorney by civil supplying this affidavit. Sorry, Judge, I'm just thinking for a second, because I understand your distinguish, how you're distinguishing from the prejudice from the plain on its face. We would still, I think that those would, well, I guess I would argue that the Ninth Circuit still can get to the merits of that because they failed to acknowledge some of the information or argument, it's not even arguments, but evidence before them, and that couldn't have been brought up until the BIA made their decision. I mean, specifically, they failed to consider that the department was timely served, for example, and so they're not prejudiced by accepting this appeal, and they don't address that at all, and we couldn't have brought that to this court until the BIA made that decisions. I'm sorry, I don't follow what you're saying. Couldn't counsel have made an argument that said, not simply in a couple sentences, this is my fault, I miscalculated the time, but also said, meanwhile, I'm self-reporting to the bar, you know, other things that we've said are acceptable for matter of lazada, and then also said, this is, under Ninth Circuit case law, this is clearly an effective assistance of counsel, it's plain on this record. I mean, they could have made that argument before the BIA did anything. They should have made that argument to the BIA. So you're saying we couldn't make that argument? I don't understand why. Can you explain that to me? Oh, no, no, they definitely could have, they could have and should have made that decision. What I'm saying, though, is that when the BIA made its, rendered its decision and did not factor in evidence that was presented to it, not only just the sworn affidavit, but also evidence that the department was timely filed, that that raises, on its face, an effective assistance of counsel claim that they didn't acknowledge some of the evidence before them. Counsel, I have a related question, and that has to do with our precedent that talks about the importance of not depriving the alien of appellate opportunity. And one of the problems I have with your argument, it really goes to whether he can show prejudice under ineffective assistance of counsel. The board explicitly stated that it would reconsider its dismissal if he came back with proper proof to address these issues, and your counsel, prior counsel, didn't do that. So by virtue of that defalcation, how has he been deprived of the opportunity when the board gave him the opportunity and he simply didn't take it? Well, I do think he took it because he did file a motion to reopen, and that's pending before the board with the information. I'm referring to the footnote in the BIA opinion that basically left the door open, saying that the board would reconsider if he came back with proper proof. So he did have an opportunity, he just didn't avail himself of it. Oh, sorry, I understood the footnote to say, so sorry, I don't think that he, well, oh, I see. Sorry, Judge, I understand what you're saying. You're saying that he could have supplemented the record. Yeah, he could have, and again, I'm not sure of the conversations between him and prior counsel, if she advised him to provide an affidavit of why he chose not to file a bar complaint at that point, or why she didn't supplement the record. She actually did self-reports subsequent to this filing. I don't know why she didn't notify the BIA of that. It goes to the question of whether or not his prejudice was a self-inflicted wound. Oh, I see what you're saying, Your Honor. No, I don't think it was. I think it was a continuance of ineffective assistance of counsel by prior counsel. A second IAC claim, is that what you're arguing now? Yeah, I mean, potentially, Your Honor, it would be. We've taken you over, but that's okay. I have another question for you, and I'll still give you a couple of minutes for rebuttal. In fact, you can have the whole morning since we submitted everything else. I'm sure you're happy about that. So, procedurally, we have the petition for review pending before this Court, and there's a motion to reopen pending before the BIA, and I'm wondering, does this end up where there's a dual track, where if we were to deny the petition, the petition to reopen is still pending, that's granted, then the matter is reopened. If it's denied, then he appeals from that as well. If we grant it, and it goes back to the BIA, and they are addressing it, and then the petition to reopen, is that still pending, or would that be withdrawn? It would be withdrawn, Your Honor. Yeah, we would notify the BIA. It'd be moot at that point. If this Court remands to reopen to accept the appeal, which is what Mr. Sosa-Morales wants, just to have his case heard, then that would become moot. The motion to reopen would become moot. We'd ask the Court to dismiss it as moot, withdraw it. Okay, thank you. All right, thank you. I'll give you a couple minutes to rebuttal. Mr. Primy, when you're ready, please go ahead. May it please the Court, Christopher Primy for the Attorney General. As laid out in the Attorney General's brief, there was not substantial Lazada compliance, and there are the question of whether the ineffective assistance was plain on the record, could have been made before the agency, and was not, therefore depriving the agency of the ability to rule on the issue. Therefore, it is not exhausted and not properly before this Court. What about the point that your opposing counsel makes that the BIA's decision does reference that? It says it's not otherwise shown ineffective assistance of counsel is plain on the record. It's at the bottom of page 2, it's AR4. Unlike the analysis of the matter of requirements, which was several paragraphs long, this is truly a passing note. It has not otherwise shown that it's plain on the record. This is not, especially where the petitioner has not addressed this at all in their motion to accept the late-filed brief. Given the complete lack of analysis in the Board's opinion, this can be conceived of as nothing other than a summary rejection of an unraised issue, which this Court said is not sufficient for exhaustion under, I In that case, where, again, there was no raising of that issue before the Board, and therefore, just the fact that the Board says that this has not been demonstrated. So another distinction would be that if the Board had said there is no ineffective assistance that is plain on the record, that might be more of a merits determination. But here, there's just a statement that the petitioner has not otherwise shown it. So that is more of a statement of what the petitioner has done, in this case, not raised or shown the necessary requirement. Do you know what the government's position is on the motion to reopen? I do not, Your Honor. All I know is that it was filed on August 2nd, 2024, and it remains pending as of this morning. Did you double-check to see if there had been any action this morning? I did, Your Honor. All right. And nothing has happened? I don't know if any. The docket that I have access to through EOIR just says that there is a motion pending. It doesn't tell me what filings have been made, if any opposition has been made. It just says it was filed that date. Okay. Because my understanding is that if the were to grant that motion to reopen, we would lose jurisdiction over this pending appeal, would we not? I believe that is correct, that it would... I think that's what our circuit authorities... We wouldn't have a final order. Right. Right. There would be no more final order of removal, so there would be no jurisdiction. That's correct. Okay. So why did the parties, and maybe it wasn't the government, but there was a motion before a motions panel in our court to stay this matter pending the resolution of the motion to reopen at the BIA, and the motions panel offered to do so if the parties would agree to administratively close the case. Do you know why that didn't occur? I'm not sure why the government did not agree to administratively close the case. I do know that under several cases, such as Stone v. INS, the Supreme Court has indicated that it does prefer, that Congress, in fact, has mandated this dual track as you described it, that it is more important to quickly adjudicate a pending petition for review than to consolidate matters that may still be pending before the agency. So, in general, the government does not see an assent to staying these sorts of cases pending a motion to reopen or reconsider. The problem, as I understand it, is we have absolutely no control over the administrative agency's timing in terms of when it addresses these motions, as demonstrated in the record here, where everybody's just sort of sitting around waiting for something to happen. I mean, this is the scheme that Congress has created. The idea is that, well, we have a final order of removal that we want to have adjudicated as quickly as possible. If, by chance, the motion to reopen or reconsider is denied, then it will get consolidated in, but especially given that removal from the country does not moot a pending petition for review, there is not the same need to wait for everything to be consolidated. There's an interest in quickly executing final orders of removal. Has the petitioner been removed? To my knowledge, no. The petitioner is at liberty in the United States. If we assume the claim has been exhausted, can you explain why the IAC isn't playing on the record? I believe under this court's precedent, it would be playing in effective assistance on the record had it been exhausted. And the basis for your statement that it was not exhausted is what? Oh, the case Vasquez-Borjas. I don't have the citation in front of me. Tell me the name again. Vasquez-Borjas. Correct. What's the surname? Vasquez-Borjas is hyphenated. It's 36F4891. Thank you. And there the statement is that if the board summarily rejects an unraised issue, that is not sufficient for exhaustion. Maybe the one distinction here is that in a passing reference in the BIA's opinion, maybe we don't give credit to it as exhaustion because it might have been a complex issue or something that involves a lot of factual determination. So we say, okay, there was no analysis. Here, it just seems pretty straightforward. It's not legally that difficult and there aren't any real factual issues. So maybe BIA did address it. I don't know what more it could have done. It could have cited a case. It could have cited something in the record to support its decision. But here, it is not an absolute statement that it is not plain on the record. It is instead an assertion that the respondent did not show that it was plain on the record. And that makes sense because the motion to accept the late-filed appeal made absolutely no legal argument at all. It had no citations of legal authority. It had no citations to the record. So that is the bare minimum that Congress has said that must be done, that must be exhausted before the agency, even if it's a simple issue. And here, that issue was not raised at all by the petitioner. And saying that it was not shown by the petitioner is not a statement of—it's just a statement of what was listed or what was raised in the motion, not a statement of a merits determination of whether there is an effective assistance plain on the record. If there are no further questions— No, you have 52 seconds left, but you're more than happy to rest at this point. Thank you. The respondent requests that this Court deny the petition for review. Thank you, Your Honors. Okay, thank you. Counsel, I also want to thank you for arguing. I know we denied your motion, but notwithstanding the government shutdown, we're working, so thank you. Thank you, Your Honors. All right, so you have two minutes for rebuttal. Thank you, Your Honors. I want to briefly just address an argument or position by opposing counsel as it goes to exhaustion and plain on its face. Opposing counsel just stated that the Board of Immigration Appeals just makes a statement saying that it's not plain on its face without citing any authority, and thus the merit of the claim was not reached. However, if I turn the Court's record to AR-4, the Board of Immigration Appeals does cite a case to support its merit determination, stating that, quote, in effect of a counsel that basically did not substantially comply or shown that it's plain on its record, that he has not shown that, then they cite a Ninth Circuit precedent. So I do reassert that we'd ask this Court, when making its exhaustion determination, that we look at the substance of it. The Board had the affidavit sworn by prior counsel. Despite the Board's decision stating that the affidavit did not provide the agreement between the counsel when they were hired, what they were hired for, her affidavit does comply with that. She notes that she was hired on December 5th, two weeks before the deadline, and she was hired for the specific purpose of representing him before the Board of Immigration Appeals. There is service and proof to the Department, which goes to prejudice that the Department had the appeal timely, and that's enough to reach the merits under, I'm not going to say this right, is it ABE, A-B-E-B-E, M-I-A-M-A-I-E. So this Court does have jurisdiction and should grant this appeal, we'd assert that the Losada is plain on its record. We'd also ask this Court to take into consideration that the petitioner filed this appeal because the Board of Immigration Appeals tends to pen for years, three to four years, and it does put him in a legal limbo for a number of years. So we'd ask this Court to grant and remand to accept his appeal. Thank you. Thank you. Thank you, counsel, both for your arguments this morning, and I echo Judge Tallman's thanks to the government for appearing at argument while they are not being paid during the shutdown. We are adjourned. This case is submitted and we're adjourned until tomorrow morning.
judges: TALLMAN, BADE, LEE